IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DIAMOND H. RECOGNITION LP       §
                                §
VS.                             §   CIVIL ACTION NO.4:08-CV-384-Y
                                §
KING OF FANS, INC.              §

ORDER GRANTING MOTION TO DESIGNATE RESPONSIBLE THIRD PARTIES

Pending before the Court is the motion [doc. #11] of defendant King of Fans ("KOF") to designate responsible third parties pursuant to Texas Civil Practice & Remedies Code § 33.004. Also before the Court is the parties' joint motion [doc. #15] for an extension of time for the impleading of third parties. For the reasons discussed below, the Court GRANTS both motions.

I. Background

In August 2007, a fire damaged a facility in Fort Worth, Texas, owned by plaintiff Diamond H. Recognition LP ("Diamond"). As a result of the fire, Diamond sued KOF, the seller of a portable electric heater that Diamond contends was the source of the fire. The suit was originally filed in the 96th Judicial District Court, Tarrant County, Texas. In its state-court petition, Diamond alleged negligence, products-liability, and breach-of-warranty causes of action. On July 17, 2008, KOF removed the suit to this Court. KOF now seeks leave, pursuant to Texas Civil Practice and Remedies Code § 33.004, to designate SingFun, the manufacturer of the heater, as a responsible third party. KOF contends it merely sold the heater in question and that SingFun is the party responsi-

ble for any defect that caused the fire at Diamond's facility.

II. Designation of Responsible Third Parties

Under Texas Civil Practice & Remedies Code § 33.004(f), "[a] court shall grant leave to designate [a person named] as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f) (Vernon 2008). Diamond timely filed an objection to KOF's motion for leave in this case. In the event of a timely objection, the statute nevertheless requires that leave be granted unless the objecting party establishes that the movant failed to "plead sufficient facts concerning the alleged responsibility of the [third party] to satisfy the pleading requirements of the Texas Rules of Civil Procedure." *Id.* § 33.004(g)(1).

Diamond contends that KOF cannot plead sufficient facts to establish liability on the part of SingFun as a matter of law because the proportionate-responsibility scheme of chapter 33 of the Civil Practice & Remedies Code is displaced in this case by its chapter 82. Section 82.003(a) of that code provides that a "seller" of a product is not liable for harm caused by the product except under certain conditions therein enumerated. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003. Diamond relies on section 82.003(a)(7), which provides that an otherwise immune seller may be held liable when the manufacturer is beyond the court's jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(7). Diamond

2

argues that, as a result, KOF's liability will not be based on its proportionate wrongdoing vis-à-vis SingFun, but will instead be statutorily imposed by section 82.003(a)(7).

At the outset in analyzing this question, the Court notes that although the particular argument advanced by Diamond is novel, difficulty in reconciling chapter 33 with various other laws is nothing new. *See Fid. & Guar. Ins. Underwriters, Inc. v. Wells Fargo Bank*, No. H-04-2833, 2006 WL 8970683, at *5 (S.D. Tex. March 31, 2006) (noting that "courts and commentators alike have recognized the difficulty in reconciling the language of [chapter 33] with certain causes of action"). This is another such case.

The proportionate-responsibility provisions of chapter 33 apply to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM CODE ANN. § 33.002(a)(1) (Vernon 2008). This broad statement of coverage and the specifically enumerated exceptions thereto are given much deference. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 690 (Tex. 2007) ("The broad coverage of the proportionate responsibility statute to tort claims is persuasive."). The specific causes of action advanced by Diamond have been held to be subject to chapter 33. *See JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 705 (Tex. 2008) (holding negligence, products-liability, and breach-of-warranty causes of action subject to chapter 33). As a result, KOF's attempt to designate a responsible third party under chapter 33 would seem to

be proper.

However, "it is . . . clear that an apportionment scheme is not proper in certain cases." *Fid. & Guar. Ins. Underwriters*, 2006 WL 870683, at *5. Diamond argues that this is such a case. Diamond asserts that, although section 82.003(a) provides sellers with general grant of immunity from liability, subsection (a)(7)(B) provides that an otherwise innocent seller may be held liable if "the manufacturer of the product is . . . not subject to the jurisdiction of the court." TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(7) (Vernon 2008). Section 82.002 of the Civil Practice and Remedies code creates a duty on the part of manufacturers to indemnify otherwise innocent sellers. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.002 (Vernon 2008). Diamond argues that these provisions of chapter 82 govern the apportionment of liability as between a manufacturer and seller and, therefore, displace the proportionate-liability scheme of chapter 33 in this case. And, as Diamond points out, the Supreme Court of Texas has held chapter 33 inapplicable in at least one case where a statute contained its own apportionment scheme. *See Southwest Bank v. Info. Support Concepts, Inc.*, 149 S.W.3d 104, 111 (Tex. 2004) (holding the UCC scheme of responsibility displaces that of chapter 33).

From a practical standpoint, the Court notes that Diamond's argument has some appeal. Section 82.003(a)(7) allows for liability to be imposed on an otherwise innocent seller if the plaintiff demonstrates that the responsible manufacturer is beyond the court's jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN.

4

§ 82.003(a)(7) (Vernon 2008). The effect of this section would seem to be undermined, if not wholly obviated, if the seller is allowed to shift responsibility back to the out-of-jurisdiction manufacturer by designating the manufacturer as a responsible third party.

In this regard, Texas case law on the interaction of chapter 33 and theories of derivative liability is illustrative. In *Rosell v. Central West Motor Stages*, the family of a man struck and killed by a bus filed suit alleging that its driver was negligent in his operation of the bus and that the busing company was negligent in entrusting the bus to the driver. *See Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 649 (Tex. App.–Dallas 2002, pet. denied). On appeal, Plaintiffs argued that the trial court violated chapter 33 by not submitting both the bus driver and the busing company in the responsibility-apportionment question in the jury charge. *See id.* at 656. The court in *Rosell* found it improper, due to the derivative-liability nature of a negligent-entrustment claim, to submit both the employer and employee to the jury as part of the apportionment question, despite the fact that section 33.003 "on its face requires all defendants to be included in the apportionment question." *Id.*

Negligent entrustment is "a form of vicarious liability." *Duenez*, 237 S.W.3d at 686. Unlike pure respondeat superior, in order for the employer to be held liable, the employer must have been negligent in entrusting the vehicle to the employee. *See id.; see also Rosell*, 89 S.W.3d at 657. Once negligence on the part of

the employer in entrusting the vehicle is established, liability for the employee's negligent operation of the vehicle is passed on to the employer, and the employer's acts are of no consequence in determining its degree of responsibility. *See Rosell*, 89 S.W.3d at 656-57. And, most importantly to a comparison with the present case, under a negligent-entrustment claim, regardless of the employer's negligence, in order for the employer to be held liable the employee must have committed a negligent act. *See id.* at 656. ("[T]he causes of action for negligent entrustment and hiring are a means to make a defendant liable for the negligence of another.").

Under section 82.003(a)(7), Diamond seeks to hold KOF liable for SingFun's acts. That is, under section 82.003(a)(7) KOF's liability in this case will be based on SingFun's acts in regard to the design and manufacture of the allegedly defective heater. *See Mann v. Calflex Mfg., Inc.*, No. SA-06-CA-338-FB, 2008 U.S. Dist. LEXIS 19365, at *6 (W.D. Tex. 2008) (noting under section 82.003 a plaintiff who has proven his products liability case may attempt to hold a non-manufacturing seller liable). In this way, section 82.003(a)(7) works like a theory of vicarious liability such as negligent entrustment. *See Dennis v. Giles Group, Inc.*, No. 04-07-00280-CV, 2008 Tex. App. LEXIS 429, at *12 (Tex. App.–San Antonio 2008, no pet.) (noting that under section 82.003 a seller that did not manufacture the harm-causing product is not liable to an injured claimant unless "the claimant *proves* that the manufacturer is not subject to the jurisdiction of the court.") (emphasis in

original); *see also Calflex Mfg., Inc.*, 2008 U.S. Dist. LEXIS 19365, at *6 (Under section 82.003, "a plaintiff who proves his products liability claim may hold liable a non-manufacturing seller *if the plaintiff proves the manufacturer is insolvent*") (emphasis added). Under section 82.003(a)(7), if Diamond is successful on its claims, KOF will stand in SingFun's place and be held liable for SingFun's wrongful acts, just as an owner/entrustor is held liable for the wrongful acts of its employee. Therefore, just as it is not proper to have the jury apportion responsibility between an entrusting employer and a negligent employee, it seems improper to allow KOF to designate SingFun as a responsible third party and thereby have the jury apportion responsibility between KOF and SingFun. *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 656-57 (Tex. App.—Dallas 2002, pet. denied) (analyzing the application of chapter 33 to vicarious-liability claims).

KOF contends, however, that Diamond's arguments misconstrue section 82.003. KOF argues that section 82.003 creates a defense subject to exceptions, not a proportionate-liability scheme. KOF also notes that whether Diamond can establish the exception to the seller's immunity created by section 82.003(a)(7) will not be clear until after the time for designating responsible third parties has passed.

The Court agrees with KOF that Diamond's arguments mischaracterize section 82.003. That section is a defensive device that provides a general rule of no liability unless the plaintiff can prove facts invoking an exception to the rule. *See Giles*

7

*Group, Inc.*, 2008 Tex. App. LEXIS 429, at *12 (analyzing section 82.003 in the context of a motion for summary judgment and noting that the section "permits a claimant to sue a non-manufacturing seller of a harmful product if the claimant *proves* that the manufacturer is not subject to the jurisdiction of the court.") (emphasis in original); *see also Lott v. Dutchmen Mfg.*, 422 F. Supp. 2d 750, 754 (E.D. Tex. 2006). The exceptions listed in section 82.003(a)(7) are theories of imposing liability, not causes of action. *See Calflex Mfg., Inc.*, 2008 U.S. Dist. LEXIS 19365, at *6 (noting a plaintiff may hold a non-manufacturing seller liable if the plaintiff proves his product-liability claim and proves the manufacturer is insolvent). Finally, the provisions of chapter 82 allowing liability to be imposed on a non-manufacturing seller and requiring manufacturers to indemnify innocent sellers do not create an apportionment-of-responsibility scheme sufficient to displace chapter 33. *See Info. Support Concepts, Inc.*, 149 S.W.3d at 111 (finding that the loss-allocation provisions of Article 3 of the UCC displaced chapter 33 because Article 3 was more specific and comprehensive, and, as part of the UCC, covered an entire "field of law").

In light of the foregoing, and in deference to the broad-application language of chapter 33, the Court grants the motion for leave to designate. *See Duenez*, 237 S.W.3d at 690-91 (holding chapter 33 applied to the Texas Dram Shop Act in part based on the fact the act was not explicitly excepted from coverage as other acts are). This conclusion is supported by the fact that the

8

definition of "responsible third party" under chapter 33 specifically excludes "a seller eligible for indemnity under section 82.002." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (Vernon 2008). This demonstrates that the Texas legislature is aware of the potential interaction between chapters 33 and 82, yet has not specifically excepted out-of-jurisdiction manufacturers, as defined by section 82.003(a)(7), from the coverage of chapter 33. *See Duenez*, 237 S.W.3d at 691 (noting that chapter 33 does not apply to actions for injuries caused by the manufacture of methamphetamine because both the statute creating the cause of action and chapter 33 exclude such actions from chapter 33).

The Court notes this is not the final word in regard to the designation of SingFun as a responsible third party. Section 33.004(l) provides that "[a]fter adequate discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l) (Vernon 2008). In its motion seeking leave to designate, KOF acknowledges that SingFun is a Chinese company. However, neither KOF nor Diamond address the question of whether SingFun would be subject to this Court's jurisdiction in any detail. Thus, the question of whether SingFun is indeed beyond the Court's jurisdiction and the effect jurisdiction over SingFun might have on the chapter 33 and 82.003(a)(7) analysis remains open. *See Giles Group, Inc.*, 2008 Tex. App. LEXIS 429, at *12 (noting plaintiff making use of section

9

82.003(a)(7) bears burden of proof on whether manufacturer is beyond court's jurisdiction).

III. Conclusion

KOF's motion for leave to designate SingFun as a responsible third party is GRANTED. In light of this ruling, the Court also GRANTS the parties' joint motion to extend the deadline to implead third parties or join additional parties. The deadline is hereby reset as November 8, 2008.

The Court's docket shall reflect that China SingFun Electric Group Co., Ltd., has been designated a responsible third party. This does not, however, add SingFun as a party to this litigation. *Werner v. KPMG LLP,* 415 F. Supp. 2d 688, 692 (S.D.Tex. 2006)(stating that section 33.004 "allows a defendant to designate 'responsible third parties' whose fault will be submitted to the finder of fact without making them 'parties' to the suit").

SIGNED October 28, 2008.

                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE